UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 09-239 (JRT/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Billy Ray Wiley, | |
| Defendant. | |

Tricia A. Tingle, Assistant United States Attorney, for the Government.
Manny K. Atwal, Assistant Federal Defender, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 23, 2009, on Defendant's Motion to Suppress Evidence Obtained As A Result of Search and Seizure [#10]. The Government submitted one exhibit into evidence during the course of the hearing: Government Exhibit 1 is a search warrant, supporting affidavit, and return for a Minneapolis address. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motion be **DENIED**.

## I. FINDINGS OF FACT

On August 20, 2009, Defendant Billy Ray Wiley was indicted and charged with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Indictment, Doc. No. 1.) The indictment alleges that Defendant Wiley has twice been convicted for felony aggravated robbery on June 24, 1993 and February 2, 1998, respectively. *Id.* The indictment further alleges that Defendant Wiley knowingly possessed a firearm, namely a Keltec .32 caliber handgun. *Id.* Defendant's Motion to Suppress Evidence Obtained As A

Result of Search and Seizure [#10] challenges a state search warrant for the Defendant's Minneapolis residence that resulted in the recovery of the Keltec handgun, serial number 68453. (*Id.*; Gov't Ex. 1.) Defendant Wiley contends that the search warrant should be suppressed because the warrant was issued without a sufficient showing of probable cause in the supporting affidavit. (Govt. Ex. 1.) The search warrant in question was issued on February 24, 2009 for the downstairs section of Defendant's residence on Willow Avenue North in Minneapolis, Minnesota. (Gov't Ex. 1.) The search warrant was requested by City of Minneapolis Police Officer Todd Babekuhl, who is an officer assigned to the Fourth Precinct Community Response/Crack Team. *Id.*

The warrant, signed by a Hennepin County Judge authorized a search for property and things including: "Narcotic drugs and controlled substances, including but not limited to cocaine, also drug paraphernalia, monies and properties obtained from the illegal sales of these controlled substances, weighing and packaging materials property bartered and traded for these controlled substances, drug notes, writings and mailings to show constructive possession of these controlled substances, firearms, ammunition, and other weapons to protect the narcotic sales operation, radio and telecommunication devices, to facilitate narcotic sales, and photographic and video tape recordings of drug sales and or use." *Id.*

Officer Babekuhl executed the search warrant at Defendant's residence on February 25, 2009 at 4:25 p.m., seizing two bags of marijuana, a baggie with large numbers of marijuana sacks, the Keltec handgun, $435.00 in cash, and a leather jacket. *Id.*

Defendant Wiley challenges the search warrant arguing that the warrant lacks a sufficient showing of probable cause in the supporting affidavit and that some of the information contained

2

in the affidavit is stale. (Doc. No. 10.) The relevant paragraphs of the supporting affidavit are as follows:

> Your Affiant has received numerous citizen complaints from area residents on the address of [street number] Willow Avenue North, downstairs, in regards to the continuous drug selling going on at the address. While doing surveillance at the address, Your Affiant observed numerous persons arriving at the residence and staying a short time and then leaving. A CRI is familiar with the [street number] Willow Avenue North, downstairs, Minneapolis, as one in which the occupants are selling narcotics. Within the past 72 hours your affiant met with a CRI who has given the Mpls. Police Officers information in the past about narcotics activities that has been proven true and reliable. The CRI has also assisted the Mpls. Police Dept in the prosecution and convictions in past narcotics cases in State and Federal Courts.
>
> The CRI knows about an address at [street number] Willow Avenue North, downstairs, Minneapolis as one in which residents are dealing narcotics. The CRI was dropped off in the area of the residence, and was observed walking up to the front door of the residence. The CRI went inside the front door and knocked on the door to the downstairs unit. The door was answered by a dark skinned black that the CRI knows as "Tuckem." The seller/Tuckem asked the CRI what s/he wanted and the CRI told him he wanted a quantity of marijuana. The seller than [sic] opened his hand and had numerous baggies of marijuana in it. The seller than [sic] handed the CRI a quantity of marijuana and the CRI handed the seller a quantity of pre-recorded U.S. cash that was given to them by your Affiant. The CRI returned to your Affiants [sic] location and handed me the marijuana. The marijuana later field-tested positive.
>
> The seller was further described by the CRI as being about 22-25 years old about 5 feet 11 inches tall, with a long braided type hairstyle and a medium build. The CRI also said the seller goes by the name of Jamel.
>
> The CRI has observed this seller/Tuckem with a handgun in the past 12 months and says that he has heard him talk about using guns for protection because he is a member of the "Stick Up Boys" gang.

(Gov't. Ex. 1.)

## II. STANDARD OF REVIEW

Under well-established Fourth Amendment jurisprudence, a valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236-39 (1983). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* at 239. However, because "reasonable minds" may differ as to whether a particular affidavit establishes probable cause, the Supreme Court has established a "good-faith" exception to the warrant requirement according great deference to a magistrate's probable cause determination. *United States v. Leon*, 468 U.S. 897, 914 (1984) (citing *Spinelli v. United States*, 393 U.S. 410, 419 (1969)). The *Leon* Court established that reliable physical evidence seized by officers reasonably relying on a warrant issued by a detached and neutral magistrate should be admissible in the prosecution's case in chief. *Id.* at 913. However, if a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the *Leon* good-faith exception to the warrant requirement does not apply. *Id.* at 922-23.

Under the *Leon* framework, a reviewing court may analyze the Fourth Amendment probable cause issue to determine whether the application supports the magistrate's determination before turning to whether the officers acted reasonably. *Id.* at 925-26 ("[N]othing will prevent reviewing courts from deciding [the Fourth Amendment] question before turning to

the good-faith issue. Indeed, it frequently will be difficult to determine whether the officers acted reasonably without resolving the Fourth Amendment issue.").

### III.     LEGAL ANALYSIS

**A. The Supporting Affidavit Does Not Set Forth Facts Establishing Probable Cause To Believe Evidence Of a Crime Would Be Found At Defendant's Residence**

The first issue is whether the search warrant application here could support the magistrate's probable-cause determination. A valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. at 236-39. The Defendant argues that the warrant lacks probable cause on its face and further contends that some of the information contained in the search warrant is stale. There is no bright-line test for determining when information contained in a search warrant is stale. *United States v. Koelling*, 992 F.2d 817, 822 (8th Cir. 1993). However, "it is axiomatic by now that under the fourth amendment the probable cause upon which a valid search warrant must be based must exist at the time at which the warrant is issued, not at some earlier time." *United States v. Steeves,* 525 F.2d 33, 37 (8th Cir. 1975)(citing *Sgro v. United States*, 287 U.S. 206 (1932)). Probable cause must exist at the time the officers seek to make the search; it is not enough that at some time in the past there existed circumstances that would have justified the search. *Id.* at 37-38. Further, information of an unknown and undetermined vintage relaying the location of "mobile, easily concealed, readily consumable, and highly incriminating narcotics could quickly go stale in the absence of information indicating an ongoing and continuing narcotics operation." *United States v. Kennedy*, 427 F.3d 1136, 1142 (8th Cir. 2005).

5

In its brief, the Government asserts that the confidential informant mentioned in the affidavit conducted the controlled buy of marijuana within the last 72 hours. However, the affidavit itself does not state that the controlled buy was done in the last 72 hours – it only states that the confidential informant met with Officer Babekuhl within the last 72 hours. At no time does the warrant state when the controlled buy was undertaken. The Court would likely agree that if the affidavit clearly stated that the controlled buy was conducted within 72 hours of the application of the search warrant, probable cause would be established. *See, e.g., United States v. Howard*, 532 F. 3d 755, 759 (8th Cir. 2008). However, the only time frame clearly established by the affidavit is a 12-month time frame, as the affidavit does clearly state that the CRI observed Tuckem/seller within the last 12 months. (Gov't Ex. 1.) The affidavit also fails to give a time frame as to Officer Babekuhl's observance of persons arriving at the Willow Avenue North residence, staying a short time, and then leaving. The only time frame given, 12-months, is stated in connection with the confidential informant's observance of Tuckem/seller with a handgun. As small baggies of marijuana clearly qualify as mobile, easily concealed, readily consumable, and highly incriminating narcotics that could quickly go stale in the absence of information indicating an ongoing and continuing narcotics operation, a 12-month time frame is much too long. *Kennedy*, 427 F.3d at 1142. Further, there is no information indicating an ongoing and continuing narcotics operation; the observance of an individual in the possession of a handgun within the last 12-months and unsubstantiated citizen complaints do not indicate an ongoing and continuing narcotics operation. Thus, the Court can only conclude that the officer's application here is insufficient to support a finding of probable cause and that therefore the search warrant was issued in violation of the Fourth Amendment.

**B. Even Though No Probable Cause Existed To Support The Search Warrant, The *Leon* Good Faith Exception Applies**

Although the warrant here was issued in violation of the Fourth Amendment's probable cause requirement, suppression of the evidence discovered as a result of Officer Babekuhl's search is not required. The purpose of the Fourth Amendment exclusionary rule is to deter unlawful police conduct, and the rule's purpose will not be served by excluding evidence obtained by police acting in reasonable reliance upon a subsequently invalidated search warrant. *Leon*, 468 U.S. at 918-19, 926. However, if a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," the *Leon* good-faith exception does not apply. *Id.* at 922-23. Absent here are allegations that the signing magistrate abandoned her detached and neutral role, or that the officers were dishonest or reckless in preparing their affidavit. Further, "reasonable minds" may differ as to whether a particular affidavit establishes probable cause. *Id.* at 914. Thus, the Court finds that the warrant here was not based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. As the Court finds that the officer here acted in reasonable reliance on the search warrant, the Defendant's motion to suppress evidence obtained from the search of his residence must be denied.

### IV. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence Obtained As A Result of Search and Seizure [#10] be **DENIED**.

DATED: October 15, 2009     *s/ Franklin L. Noel*

FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 29, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **October 29, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.