UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. No. 09-239 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR RECONSIDERATION AND TRIAL NOTICE** |
| BILLY RAY WILEY, | |
| Defendant. | |

Tricia A. Tingle, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Derk Schwieger, **DERK KARL SCHWIEGER, LLC**, 7800 Metro Parkway, Suite 220, Bloomington, MN 55425, for defendant.

This matter is before the Court on defendant Billy Ray Wiley's motion for reconsideration of pretrial issues. The Court has reviewed Wiley's submissions and finds no basis on which to reconsider its prior Order of December 15, 2009.

## BACKGROUND[1]

On February 24, 2009, a Hennepin County judge issued a search warrant authorizing a search of the downstairs portion of a residence in Minneapolis, Minnesota.

---

[1] The relevant factual and procedural record of this case is detailed in the Magistrate Judge's Reports and Recommendation (Docket No. 24) and in this Court's December 15, 2009, Order (Docket No. 37). The Court here repeats only those details relevant to consideration of Wiley's motion for reconsideration.

(Application for Search Warrant, Docket No. 22, Ex. 1.) The officer executing the warrant seized a handgun, two bags of marijuana, and $435.00 in cash from a leather jacket allegedly belonging to Wiley, as well as several other items. (Receipt, Inventory and Return, Docket No. 22, Ex. 1.) The government subsequently filed a one-count indictment against Wiley, alleging that he was in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2). (Docket No. 1.)

On September 16, 2009, Wiley filed a motion to suppress evidence obtained pursuant to the search warrant. (Docket No. 10.) Wiley argued that the warrant's supporting affidavit lacked a sufficient showing of probable cause and that some of the information in the affidavit was stale. (*Id.* at 1.) On September 23, 2009, Magistrate Judge Franklin L. Noel held a hearing on the motion. (Docket No. 22.) On October 15, 2009, the Magistrate Judge issued a Report and Recommendation concluding that the motion to suppress should be denied. (Docket No. 24.) Wiley objected to the Report and Recommendation, and in an order dated December 15, 2009, the Court overruled Wiley's objections and adopted the Report and Recommendation. (Docket No. 37.) The Court found that although the search warrant failed to establish probable cause, the good-faith exception to the exclusionary rule, as articulated in *United States v. Leon*, 468 U.S. 897, 922 (1984), applied to the seizure. (*Id.*)

The Court issued a trial notice setting Wiley's jury trial to begin on January 4, 2010. (Docket No. 38.) On the morning of trial, Wiley requested new counsel and the Court granted that request. (Docket No. 52.) On January 22, 2010, the Court appointed new counsel, and on February 22, 2010, Wiley, through his new counsel, filed a motion

for reconsideration[2] of the motion to suppress. (Docket Nos. 55-56.) On March 4, 2010, the government filed a response to the motion. (Docket No. 57.)

## DISCUSSION

Wiley offers the following clarifications in support of his motion for reconsideration: (1) he was a guest at the residence where the search took place; and (2) he disputes whether he owns some of the items that were seized. (Def.'s Mot. for Recons. of Pretrial Issues at 1, Docket No. 56.) Wiley also argues that (1) he has standing to contest the seizure of personal property that was located at the residence; (2) the warrant's description of the occupants of the residence is too vague and he is not "a particularly described person to be searched"; and (3) the *Leon* good-faith exception should not apply to guests that are at a residence that is searched pursuant to a defective search warrant. (*Id.* at 2.)

Wiley's clarifications and arguments do not have any bearing on the Court's conclusions in denying the motion to suppress. First, Wiley has not identified any

---

[2] The Federal Rules of Criminal Procedure do not expressly contemplate motions for reconsideration of rulings on pretrial motions. *See United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009); *United States v. Salinas*, 665 F. Supp. 2d 717, 720 (W.D. Tex. 2009); *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). The Court assumes that it may consider such a motion. *See United States v. Dieter*, 429 U.S. 6, 8-9 (1976) (per curiam) (suggesting in dicta that courts may properly consider motions for reconsideration in criminal cases). Neither party has identified a standard of review applicable to such motions, and the Court declines to do so, finding that it would deny the motion under any standard of review. *See, e.g.*, *Iacaboni*, 667 F. Supp. 2d at 216 (borrowing the civil standard for motions for reconsideration); *Salinas*, 665 F. Supp. 2d at 720 (recognizing that motions for reconsideration are warranted where a party has identified manifest errors of law or fact or newly discovered evidence); *Sunia*, 643 F. Supp. 2d at 61 (reviewing the motion under an "as justice requires" standard, while recognizing that a court may also grant a motion for reconsideration if there are other "good reasons" for doing so).

rationale for the Court to alter its analysis based on whether the residence was Wiley's or whether Wiley was a guest at the residence. Wiley asserts that *Leon* should not apply to guests, but he offers no argument whatsoever for creating such an exception to this well-established rule. Second, the Court recognizes that the parties dispute whether Wiley was the owner of some of the seized items, but finds that this dispute does not have any bearing on the validity of the search warrant or the applicability of the good-faith exception. Third, the government has never disputed that Wiley has standing to contest the seizure, and the Court cannot identify any reason why consideration of standing would alter the Court's ruling on the motion to suppress. Fourth, Wiley's original motion to suppress did not argue that the warrant's description of the occupants of the residence was too vague or that he was not a person particularly described in the warrant. (*See* Mot. to Suppress, Docket No. 10.) Wiley offers no argument to explain why, if the good-faith exception applies, the officer executing the defective warrant in good faith was not authorized to search Wiley and his surroundings even if the warrant did not expressly identify Wiley. In summary, Wiley has provided no basis for the Court to reconsider Wiley's prior motion or the Court's prior order denying that motion. The Court therefore concludes that a hearing on Wiley's motion for reconsideration is not necessary.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **DENIES** Defendant's Motion for Reconsideration of Pretrial Issues and Defendant's request for a hearing on the motion [Docket No. 56].

## TRIAL NOTICE

The trial in this case will be held on Monday, April 12, 2010 at 9:00 a.m. in Courtroom 13E before the Honorable John R. Tunheim at the United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. Proposed voir dire and jury instructions shall be filed on or before April 05, 2010.


DATED: March 17, 2010                            s/ John R. Tunheim
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                    United States District Judge